# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8017 | **DATE** | 4/16/2003 |
| **CASE TITLE** | AMERICAN FAMILY INSURANCE vs. WAL-MART STORES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Wal-Mart's motion to transfer venue to the Central District of Illinois is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 17 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN FAMILY INSURANCE a/s/o DAMON & CRYSTAL SUDDARTH, ) ) ) Plaintiff, ) ) v. ) ) WAL-MART STORES, INC. ) (herein wrongfully sued as "SAM'S CLUB ) a/k/a WAL-MART, INC.), ) ) Defendant. ) | No. 02 C 8017<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, American Family Insurance ("American Family"), filed suit against Defendant, Wal-Mart, Incorporated ("Wal-Mart"), alleging a strict products liability and negligence claim. Currently before the Court is Wal-Mart's Motion to Transfer Venue to the Central District of Illinois.

## BACKGROUND

A reading of American Family's Amended Complaint supports the following summary of the parties' conduct.

On September 27, 1997, American Family insured Damon and Crystal Suddarth's (the "Suddarth") premises located in Decatur, Illinois. Said insurance policy included property loss and repair, and provided that American Family would be subrogated to the rights of the insured.

On September 27, 1997, the Suddarths were the owners of the Decatur property and a chest freezer which was designed, manufactured, distributed, and sold by Wal-Mart. As a result of the chest freezer's dangerous and defective condition, the Suddarths' Decatur property was damaged by a fire.

## ANALYSIS

In general, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *Law Bulletin Publishing Co., v. LRP Publications, Inc.*, 992 F.Supp. 1014, 1017 (N.D. Ill. 1998) (*Law Bulletin*). District courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that the transfer is warranted. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (*Heller*).

Both parties concede that venue is proper in both the United States District Court for the Northern District of Illinois ("Northern District") and the United States District Court for the Central District of Illinois ("Central District").

When evaluating the relative convenience of the parties and witnesses, the court considers: (i) the plaintiff's initial forum choice, (ii) the convenience of witnesses, (iii) the relative ease of access to other evidence, (iv) the situs of material events, and (v) the relative convenience of the parties in litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D. Ill. 2000) (*Amoco*); *Georgouses v. Natec Resources, Inc.*, 963 F.Supp. 728, 730 (N.D. Ill. 1997) (*Georgouses*).

The plaintiff's initial choice of forum is usually afforded substantial deference, particularly when it is the plaintiff's home forum. *Kamel v. Hill-Rom Company, Inc.*, 108 F.3d 799, 802 (7th Cir. 1997). However, there are other factors to consider; and the weight given to the plaintiff's choice can vary, depending on the circumstances of each individual case. *Georgouses*, 963 F.Supp. at 730;

*Law Bulletin*, 992 F.Supp. at 1017. For example, where the plaintiff's choice of forum is not the site of material events, plaintiff's choice of forum is entitled less deference. *See Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989).

In the instant case, Plaintiff chose to bring suit in the Northern District of Illinois. Plaintiff is a Wisconsin insurance company with its principal place of business in Madison, Wisconsin. Defendant is a foreign corporation. The situs of the material events - the fire and subsequent fire investigation - all took place in Decatur, Illinois, which is in the Central District. Because deference is granted to the Plaintiff's initial forum choice, this factor weighs in favor of denying Defendant's motion to transfer. However, because none of the parties reside in the Northern District and the situs of material events took place outside the Plaintiff's choice of venue, Plaintiff's choice of forum is given less deference.

The convenience of the witnesses who will testify at trial is one of the most important factors when deciding on an appropriate forum. *Law Bulletin*, 992 F.Supp. at 1018. However, the defendant will not be granted a transfer merely by presenting a long list of witnesses and claiming their inconvenience. *Law Bulletin*, 992 F.Supp. at 1018. Courts go beyond simply looking at the number of witnesses and weighing the quality and nature of their proposed testimony. *Law Bulletin*, 992 F.Supp. at 1018. The defendant is obligated to specify particular witnesses to be called and explain the nature of their testimony. *Heller*, 883 F.2d at 1293. In order to overcome the deference to the plaintiff's forum choice on the issue of witness convenience, the defendant must show that the testimony of these particular witnesses is necessary to his case. *General Portland Cement Co. v. Perry*, 204 F.2d 316, 319 (7th Cir. 1953) (*General Portland*). As a practical matter, it is usually assumed that witnesses within the control of the parties will appear voluntarily. Therefore, more

attention should be given to the location of the non-party witnesses and those witnesses not within the control of the parties. *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp. 2d 1052, 1058 (N.D. Ill. 2002) (*Spherion*).

Here, Plaintiff has identified thirteen witnesses in its Rule 26 disclosures. Of the thirteen witnesses, one, the Plaintiff's cause and origin expert, is located in the Northern District. All of the witnesses, with the exception of one witness from Indiana, are located in the Central District, primarily in Decatur, Illinois. The Central District witnesses include the Suddarths, the responding fire department personnel, and the damage witnesses.

The location of the eleven Central District witnesses are more than 100 miles from the Northern District. Accordingly, if this case is tried in the Northern District, none of these witnesses are subject to a subpoena that would compel their appearance before the Court. *See* Fed. R. Civ. P. 45(b)(2). However, two of the witnesses are employees of American Family and are considered under the control of American Family. It is assumed that these individuals would appear voluntarily. *See Spherion*, 183 F. Supp. 2d at 1058. American Family also contends that the Suddaths, three of the eleven Central District witnesses, are under the control of American Family as the insureds and would appear voluntarily. The remaining six witnesses include fire department personnel and neighbors. While American Family downplays the importance of these witnesses, fire department personnel that responded to the fire and neighbors who witnessed the fire could prove to be necessary witnesses for the Defendant, and Defendant would not be able to subpoena such witnesses to the Northern District of Illinois. As such, this factor weighs in favor of granting Wal-Mart's motion.

Regarding the ease of access of other evidence, evidence for this action is likely to be found in the Central District. However, Plaintiff has already shipped the chest freezer at issue to its expert, who is located in the Northern District. Both parties agree that the chest freezer could be easily shipped to either location. Trial in the Central District, while requiring that evidence not be transported as far as the Northern District, would not increase the overall ease of access to evidence. Accordingly, this factor weighs in favor of denying Wal-Mart's motion.

The situs of the material events of the instant case is within the Central District. As such, this factor weighs in favor of granting Wal-Mart's motion.

As to the relative convenience of the parties in litigating in the respective forums, as stated above, most of the witnesses are located in the Central District. Accordingly, this factor weighs in favor of transferring venue.

The analysis of the interest of justice focuses on the efficient administration of the court system, as opposed to the private considerations of the litigants. *Amoco*, 90. F.Supp.2d at 961. This includes considering: (i) the relative familiarity of the courts with the applicable law, (ii) the relation of the respective forums with the issue in the case, and (iii) the relative congestion of the court dockets. *Amoco*, 90 F.Supp.2d at 961; *Georgouses*, 963 F.Supp. at 730.

Both the Northern District and Central District are familiar with the substantive law. Accordingly, this factor does not weigh in favor of Wal-Mart's Motion to Transfer Venue.

As discussed above, events bearing a relation to this cause of action took place in the Central District. Therefore, the Central District has more of a relation with the issue in this case. Accordingly, this factor weighs in favor of a transfer.

5

Lastly, no evidence is presented demonstrating that the relative congestion of the court dockets indicates that, on average, cases are resolved faster in the Central District of Illinois. As such, this factor weighs does not weigh in favor of granting Wal-Mart's motion.

In sum, the above factors weigh in favor of granting Wal-Mart's Motion to Transfer Venue to the Central District of Illinois.

## CONCLUSION

Based on the above, Wal-Mart's Motion to Transfer Venue to the Central District of Illinois is granted.

Dated: April 16, 2003

JOHN W. DARRAH
United States District Judge